UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARION E. HUGHES, on behalf of herself
and all other persons similarly situated                                              PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:09CV-576-S

UPS SUPPLY CHAIN SOLUTIONS, INC., et al.                                            DEFENDANTS

**MEMORANDUM OPINION**

The present action has been re-removed to this court after remand for insufficient evidence concerning the amount in controversy. The plaintiff now seeks a second remand to the Jefferson County, Kentucky, Circuit Court.

This action was remanded to the state court on August 8, 2008. Thereafter, the defendants, UPS Supply Chain Solutions, Inc., *et al.* ("UPS"), filed a motion for partial summary judgment on the pleadings. The motion was briefed by the parties and a hearing was held on the matter. After additional briefing, the state court denied the motion on July 8, 2009. On August 7, 2009, UPS again removed the case to this court, invoking our diversity jurisdiction. The court finds that the matter was not timely removed. The action will again be remanded.

UPS contends that the matter "became removable once again" at a point after its summary judgment motion was denied. It urges that on July 27, 2009, the plaintiff, Marion E. Hughes, "refused in writing to stipulate" that she was seeking $75,000.00 or less, thus rendering the case removable on the ground that the amount in controversy exceeds the jurisdictional limit.[1] The original notice of removal also alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332 and

---

[1] There is no dispute that the parties are diverse.

invoked the removal procedure of § 1446(b). In the second notice, UPS recites both 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453(b) as procedural grounds for removal.

Title 28 U.S.C. § 1446(b) states in pertinent part:

The notice of removal of a civil action...shall be filed within thirty days after the receipt by the defendant...of a copy of the initial pleading setting forth the claim for relief...

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of an amended pleading, motion, order of other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Title 28 U.S.C. § 1453(b) states, in pertinent part:

A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under 1446(b) shall not apply)...

The purported refusal to stipulate to the amount in controversy came in an e-mail from Hughes' counsel. UPS posed rhetorically that "I [defense counsel] will look forward to your [Hughes'] stipulation..." Bond, July 27, 2009 e-mail. Counsel for Hughes responded "LOL. I find it interesting that you didn't even deny that you had no real intent to respond to the discovery. Good luck. ;-)" The "LOL" response came at the end of a fractious e-mail exchange.[2] UPS contends that this response was a refusal to stipulate which rendered the action removable again on July 29, 2009.

UPS bears the burden of proving the elements required to invoke diversity jurisdiction by a preponderance of the evidence. *Gafford v. General Electric Co.,* 997 F.2d 150, 155 (6th Cir. 1993). All doubts as to the propriety of removal must be resolved in favor of remand. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Accepting, *arguendo*, UPS' contention concerning the iteration "LOL," we conclude that the notice of removal was untimely as (1) the petition was not

---

[2]The entire e-mail exchange was attached to Hughes' reply brief. The annoyed and confrontational tone of the exchange is unfortunate. It does a disservice to the parties to this action.

filed within one year of the commencement of the suit, in accordance with 28 U.S.C. § 1446(b),and (2) UPS did not articulate a basis for removal jurisdiction under 28 U.S.C. § 1453(b).

28 U.S.C. § 1447(d) which provides that an order of remand to the state court is not reviewable has not been read to thus prohibit successive removals of an action. *Johnson v. America Online, Inc.*, 280 F.Supp.2d 1018 (N.D.Cal. 2003).[3] However, the court in *Johnson* noted that

> The first paragraph of § 1446(b) addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only the latter type of removal is barred by the one-year exception.

*Johnson*, 280 F.Supp.2d at 1023, *quoting Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998). In *Johnson,* as in this case, the action had been removed on diversity grounds and the court ordered remand, finding that the defendants had not demonstrated by a preponderance of the evidence that the amount in controversy requirement had been met. As in this case, the defendants in *Johnson* determined over one year after the commencement of the suit that the plaintiffs were not limiting their claims to $75,000.00 or less. The court found that the district judge's remand order established that the action as originally filed was non-removable as a matter of law. *Id.* at 1023. Therefore, re-removal was subject to the one-year deadline. *Id. See also, Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999)("A premature removal may lead to a perfectly justified remand; but when matters change - for example, by dismissal of a party whose presence spoiled complete diversity of citizenship, or by a disclosure that the stakes exceed the jurisdictional amount – the case may be removed, provided only that it is less than one year old."). Additionally, the *Johnson* court rejected an argument that the plaintiff should be estopped from asserting the one-year limitation to obtain remand on the ground that the plaintiff had made misrepresentations to the

---

[3] *See also, Minix v. Kawasaki Motors Corp.,* U.S.A., 2009 WL 2212282 (E.D.Ky. July 23, 2009); *but see, Jordan v. Equity Group Eufaula Division, LLC*, 648 F.Supp.2d 1246 (M.D.Ala. 2009)(mere evidentiary support for the argument that the previous remand order was incorrect is not an adequate basis for a second removal).

court in obtaining the initial remand.[4] The court stated that [t]o the extent that a defendant feels that a plaintiff has not been forthright about his damages theory in a remand motion, the recourse for that defendant is not a never-ending right to remove, but rather a defendant should promptly conduct discovery upon remand in order to establish the amount-in-controversy within one year of the commencement of the action." *Johnson*, 280 F.Supp.2d at 1024.

We are faced with identical facts in this action. The suit was commenced on October 10, 2007. The action was removed on October 31, 2007, was remanded on August 8, 2008 for failure to establish the amount in controversy, and was re-removed on August 7, 2009. Thus the second removal was well beyond the one-year deadline. Thus removal under § 1446(b) was untimely.[5]

UPS also recited 28 U.S.C. § 1453(b) in its notice of removal stating that the action is comprised of two putative class actions, and therefore the one-year limitation of § 1446(b) does not apply. UPS cites *Smith v. Nationwide Property and Casualty Ins. Co.*, 505 F.3d 401 (6th Cir. 2007) for this proposition. Indeed, the court in *Smith* noted that a class action removed pursuant to § 1453 is not bound by the one-year limitation found in § 1446. However, § 1453 also states that "class action" has the meaning set forth in § 1332(d)(1)." A review of the *Smith* case reveals that the suit at issue was removed in accordance with § 1332(d)(2) which establishes that the district court has subject matter jurisdiction over class actions in which a class member and a defendant are of diverse citizenship and the matter in controversy exceeds the sum or value of $5,000,000.00. 28 U.S.C. § 1332(d)(2). In our case, however, UPS has recited the class action removal statute in an attempt to avoid the one-year bar to removal, but it has not alleged a removable class action. It recites only that the parties are diverse and the amount in controversy exceeds $75,000.00.

---

[4]UPS urges that Hughes asserted in its first motion to remand that the relief sought didn't exceed the sum of $75,000.00, but later refused to enter into a stipulation as to the damages she seeks.

[5]UPS cites *Leslie v. Bantec Serv. Corp*, 928 F.Supp. 341 (S.D.N.Y. 1996) for the proposition that the one-year limitation should not apply. However, the court stated in *Leslie* that the case involved unusual circumstances. The facts of that case are in no way comparable to the case before us.

For these reasons, Hughes' motion to remand will be granted by separate order.

**IT IS SO ORDERED.**